Court, Monroe County, Calvaruso, J.—Compel Reconveyance.) Present—Denman, P. J., Callahan, Balio, Fallon and Davis, JJ.

■ ELEANOR FILOWICK, as Executrix of LOTTIE SPANGEN-BURG, Deceased, Appellant, v BARBARA LONG, Defendant, and DIME SAVINGS BANK OF NEW YORK FSB et al., Respondents. (Appeal No. 2.) [608 NYS2d 928] —Appeal unanimously dismissed without costs *(see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Reargument.) Present—Denman, P. J., Callahan, Balio, Fallon and Davis, JJ.

■ ELEANOR FILOWICK, as Executrix of LOTTIE SPANGEN-BURG, Deceased, Appellant, v BARBARA LONG, Defendant, and DIME SAVINGS BANK OF NEW YORK FSB et al., Respondents. (Appeal No. 3.) [608 NYS2d 928] —Order unanimously reversed on the law without costs and motion denied. Same Memorandum as in *Filowick v Long* ([appeal No. 1] 201 AD2d 893 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Balio, Fallon and Davis, JJ.

■ In the Matter of Arbitration between STANLEY PRUE, as President of the Syracuse Police Benevolent Association, Respondent-Appellant, and CITY OF SYRACUSE, Appellant-Respondent, and DOMINICK DIPAULO, as President of the Syracuse Firefighters Association, Local 280, IAFF, AFL-CIO, Respondent. [607 NYS2d 756] —Order unanimously reversed on the law without costs, petition denied and award confirmed. Memorandum: Supreme Court erred in vacating the arbitrator's award. The award has a rational basis and is not arbitrary and capricious *(see, Caso v Coffey,* 41 NY2d 153, 158; *see generally, Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175). Additionally, the arbitrator properly considered the criteria enumerated in the Taylor Law (Civil Service Law § 209 [4] [c] [v]; *cf., Matter of Buffalo Police Benevolent Assn. v City of Buffalo,* 82 AD2d 635) and set forth, with the requisite specificity, the basis for his findings in making his award. We reject petitioner's assertion that a municipality necessarily has the ability to pay the increased wages sought unless it has exhausted its constitutional taxing limit. Moreover, contrary to Supreme Court's findings, we conclude that the arbitrator's award is not internally inconsistent.

The issue whether the arbitrator exceeded the scope of his